**UNITED STATES of America, Plaintiff,**

v.

**LANE LABS–USA, INC., a corporation, and Andrew J. Lane, an individual, Defendant(s).**

**No. CIV. 99–5782(WGB).**

United States District Court, D. New Jersey.

July 30, 2004.

Michael A. Chagares, Office of the U.S. Attorney, Newark, NJ, for Plaintiff.

Jack Wenik, Sills Cummis Epstein & Gross PC, Newark, NJ, for Defendants.

### AMENDED ORDER

BASSLER, District Judge.

This Court, having considered the motion of defendants LANE LABS–USA, INC. and ANDREW J. LANE ("Defendants") to modify and/or stay this Court's Order, entered on July 12, 2004 ("July 12th Order"), the opposition thereto filed by plaintiff UNITED STATES OF AMERICA ("the Government"), and the entire record in this case; and

The Court having heard oral argument on Defendants' motion; and

For the reasons set forth in the Court's oral opinion on July 30, 2004; and

Good cause having been shown;

It is this 30th day of July, 2004 ORDERED that:

1. Defendants' motion to modify and/or stay paragraphs 14C, D, and F of the July 12th Order is **DENIED**, except as to the dates set out in those paragraphs requiring submissions to the Special Master and meetings with the Court. The parties are directed to arrive at dates that are mutually convenient for the parties and the Special Master, and the Government is directed to submit to the Court an order amending the dates outlined in paragraphs 14C, D, and F.

2. The Court reserves decision on Defendants' motion to modify and/or stay paragraph 14A of the July 12th Order. Per the Court's order at oral argument this day, Defendants shall provide to the Government and this Court, by **August 27, 2004,** information regarding Defendants' ability to obtain a supersedeas bond, or other security, as required by Fed.R.Civ.P. 62(d), and the proposed amount of that bond. The Government's response is due to Defendants and this Court by **September 3, 2004.** The parties shall appear for a hearing on the bond issue before the Court on **September 10, 2004 at 11:00 am.**

3. Defendants' motion to modify paragraph 11 of the July 12th Order is **GRANTED IN PART AND DENIED IN PART,** and paragraph 11 is modified to read as follows:

11.A. Defendants shall immediately sequester and hold in a secure location made known to and approved by the Food and Drug Administration ("FDA") all existing inventory of BeneFin, SkinAnswer, and MGN–3, as well as any bottles or other containers of such products that are returned to Defendants after entry of this Order.

B. If Defendants wish to attempt to recondition the articles described in subparagraph A in an attempt to bring them into compliance with the July 12th Order and the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–397 ("FDCA"), Defendants shall submit a proposed plan for reconditioning such articles within one hundred twenty (120) days of entry of this Order. The reconditioning plan shall include complete copies of all labels, labeling, and promotional materials proposed to be used to market the reconditioned articles.

C. Defendants shall not commence any attempt to bring the articles described in subparagraph A into compliance with the FDCA until Defendants have received written authorization to commence reconditioning such articles from the FDA. The FDA's decision regarding the adequacy of the reconditioning proposal shall be final and shall be subject to review, if necessary, under paragraph 15 of the July 12th Order.

D. All articles described in subparagraph A that are not reconditioned under this Order within one hundred sixty (160) days of the entry of this Order shall be destroyed at Defendants' expense under the supervision of the FDA.

E. Defendants shall at no time, and under no circumstances whatsoever, ship, sell, offer for sale, or otherwise dispose of any part of the articles described in subparagraph A until: (a) the FDA has had free access to the articles in order to take any samples or make any tests or examinations that are deemed necessary; and (b) the FDA has, in writing, released such articles for shipment, sale, or other disposition.

F. Defendants shall, at all times until the FDA has released the articles for shipment, sale, or other disposition, retain the articles described in subparagraph A intact for examination or

inspection by the FDA, and shall maintain the records or other proof necessary to establish the identity of such articles to the satisfaction of the FDA.

G. Defendants shall not sell or dispose of the articles described in subparagraph A or any part of them in a manner contrary to the provisions of the FDCA, or the laws of any State or Territory (as defined in the FDCA) in which the articles are disposed or sold.

H. Defendants shall compensate the Government for the costs of supervision of Defendants' attempt to bring the articles described in subparagraph A into compliance with the law, including all inspections, examinations, and analyses conducted pursuant to this Order, at the rates set forth in paragraph 8 of the July 12th Order.

4. The July 12th Order shall remain in full force and effect, with the exception of paragraph 11, which is modified herein.